EXHIBIT 1

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

July 24 2024 9:30 AM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 24-2-09610-3

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

| | |
|---|---|
| SKY TERRACE CONDOMINIUM OWNERS ASSOCIATION, a Washington nonprofit corporation;<br><br>Plaintiff,<br><br>v.<br><br>GENERAL CASUALTY COMPANY OF WISCONSIN, a foreign corporation;<br><br>Defendant. | NO.<br><br>COMPLAINT |

Insurance Commissioner
ACCEPTED SOP
JUL 29 2024
TIME: 2pm

For its causes of action, plaintiff Sky Terrace Condominium Owners Association ("Plaintiff"), alleges the following. Each allegation incorporates, by this reference, all preceding allegations contained herein.

I. **PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Sky Terrace Condominium Owners Association is a condominium owners association organized as a Washington nonprofit corporation which governs the condominium building at 235 Broadway, Tacoma, WA 98402 (the "Property"). The Plaintiff is headquartered and primarily conducts business within Pierce County, Washington.

2. Defendant General Casualty Company of Wisconsin is a foreign corporation which conducts business within Pierce County, Washington, and insured the Property at all times relevant hereto.

COMPLAINT - Page 1

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

3. Venue is proper in Pierce County because this action arises out of an insurance contract between the Plaintiff and the Defendant concerning the Property located in Pierce County, Washington. This Court has jurisdiction over the parties and the subject matter of this action.

## II. BACKGROUND FACTS

4. Plaintiff is a condominium owners association responsible for managing the Property.

5. The Property is an eight-story condominium unit with a rooftop pool.

6. The Defendant insured the Property under policy number BBP001193702. The version of the policy relevant to this dispute became effective February 1, 2022, and expired February 1, 2023 (the "Policy").

7. Under the Policy, the Defendant agreed to "pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."

    a. The Policy's declarations page listed the "premises" as the Property located at 235 Broadway, Tacoma, Washington 98402.

    b. Section I (A)(1) of the Policy defined "Covered Property" as "Buildings" "Business Personal Property" or both.

    c. Section I (A)(3) of the Policy defined "Covered Cause of Loss" as "Direct physical loss" which was not otherwise excluded or limited under "Section I – Property."

8. Section I (B)(1)(k) of the Policy excluded coverage for losses due to "neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss" (the "Neglect Exclusion").

9. Section I (B)(1)(p) of the Policy excluded coverage for losses due to "continuous or repeated seepage or leakage of water . . . that occurs over a period of 14 days or more" (the "Continuous Seepage Exclusion").

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

10. Section (B)(3)(c) of the Policy excluded coverage for "fault, inadequate or defective" work (the "Negligent Work Exclusion").

11. Section (B)(1)(l) of the Policy excluded "Other Types of Loss" including:

   a. Wear and tear.

   b. Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself.

   c. Settling, cracking, shrinking or expansion

   d. Mechanical breakdown, including rupture or bursting caused by centrifugal force.

12. However, the Defendant promised to pay for a "specified cause of loss" that resulted from excluded "Other Types of Loss." The final paragraph of Section I (B)(1)(l) read:

> But if an excluded cause of loss that is listed in Paragraphs (1) through (7) above results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

13. Section I (H)(12) of the Policy defined the types of loss which constituted a "specified cause of loss." That provision included "water damage" as a "specified cause of loss."

14. Section I (H)(12)(c) defined "water damage" in the following manner:

> c. Water damage means:
> (1) Accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of any part of a system or appliance (other than a sump system including its related equipment and parts) containing water or steam; and
> (2) Accidental discharge or leakage of water or waterborne material as the direct result of the breaking apart or cracking of a water or sewer pipe that is located off the described premises and is part of a municipal potable water supply system or municipal sanitary sewer system, if the breakage or cracking is caused by wear and tear.

COMPLAINT - Page 3

LEVY | VON BECK | COMSTOCK | P.S.
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Main/Fax: 206-626-5444

15. The Policy therefore required that the Defendant pay for "accidental discharge or leakage of water . . . as the direct result of the breaking apart or cracking of any part of a system or appliance . . . containing water," even if the breaking apart or cracking was caused by one of the excluded "Other Types of Loss."

16. On August 1, 2022, the Property suffered significant water damage to several condominium units on the sixth, seventh, and eight floors (the "Water Loss").

17. The Plaintiff hired Amento Group to determine the cause of the water loss. Amento Group determined that the water loss was likely the result of cracking in the rooftop pool lining, as well as failure around the copper rings of the pool skimmer. As a result, water leaked from the pool and into the condominium units below.

    a. A pool skimmer is part of a swimming pool's plumbing system. The water pump draws water from the pool into the skimmer, which traps debris to prevent it from entering the plumbing system.

18. On December 7, 2023, the Plaintiff submitted an insurance claim to the Defendant for the Water Loss.

19. On January 26, 2024, the Defendant denied coverage for the Water Loss, citing the Neglect Exclusion, Continuous Seepage Exclusion, Negligent Work Exclusion, and the exclusion for Other Types of Loss.

20. The Defendant's denial letter acknowledged that "evidence of sealing repairs along the external edge of the pool and cracking to the pool walls are apparent." The letter also stated that the "cracks observed in the pool walls were attributed to long-term weathering of the liner."

21. A rooftop swimming pool is a "system or appliance containing water" under Section I (B)(1)(l) of the Policy.

22. A swimming pool skimmer is a "system or appliance containing water" under Section I (B)(1)(l) of the Policy.

23. The Water Loss was an "accidental leakage or discharge of water" as a "direct result of the breaking apart or cracking" of the rooftop swimming pool. The Water Loss was also caused by the "breaking apart" of the pool skimmer, which had failed around its copper rings.

24. The Water Loss is a "specified cause of loss" for which the Defendant was obligated to pay.

25. The Defendant elevated its interests above the interests of its insured when the Defendant used the Neglect Exclusion, Continuing Seepage Exclusion, Negligent Work Exclusion, and the exclusion for Other Types of Loss to deny coverage, while ignoring the "specified types of loss" provision that required coverage for the Water Loss.

26. The Defendant violated the following non-exhaustive list of Insurance Fair Conduct Act ("IFCA") provisions:

   a. RCW 48.01.030 requires that insurers "abstain from deception, and practice honesty and equity in all insurance matters."

   b. RCW 48.30.010(7) prohibits an insurer from unreasonably denying a claim for coverage or payment of benefits to any first party claimant.

   c. RCW 48.30.090 prohibits an insurer and its agents from knowingly making, publishing, or disseminating any false, deceptive, or misleading representation while conducting insurance business.

   d. RCW 48.30.090 prohibits an insurer and its agents from making or causing to be made any misrepresentation of any policy terms or benefits.

   e. WAC 284-30-330(1) prohibits insurance companies from misrepresenting facts or insurance policy provisions.

   f. WAC 284-30-350 prohibits insurers and their agents from failing to fully disclose or conceal policy benefits or coverages to first party claimants.

27. The Plaintiff has suffered damages as a result of the Defendants bad faith denial of insurance coverage.

## III. CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

28. The Policy was a valid, enforceable contract between Plaintiff and Defendant under which the Defendant agreed to insure the Property.

29. The Defendant breached its contract with the Plaintiff by refusing to provide coverage for the Water Loss as a "specified type of loss."

30. As a result of the Defendant's breach, the Plaintiff has suffered damages in an amount to be proven at trial.

### B. SECOND CAUSE OF ACTION: VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT

31. The Defendant unreasonably denied the Plaintiff's claims for coverage or payments of benefits when it denied coverage for the Water Loss.

32. The Defendant committed multiple per se violations of the Insurance Fair Conduct Act when it misrepresented pertinent facts or insurance policy provisions.

33. As a result of the Defendant's conduct, the Plaintiff has suffered damages in an amount to be proven at trial.

34. The Defendant's conduct violated RCW 48.30.015 and RCW 48.01.030, and as a result the Defendant is liable for up to three times the Plaintiff's actual damages, in a total amount to be proven at trial, plus attorneys fees and costs.

35. The Plaintiff submitted a twenty-day IFCA Notification Sheet notice via certified mail to the Office of the Insurance Commissioner on April 3, 2024. That same day, the Plaintiff sent the same Notification Sheet via certified mail to the Defendant.

### C. THIRD CAUSE OF ACTION: TORTIOUS BAD FAITH

36. As an insurer, the Defendant owed its insured, the Plaintiff, an duty of good faith and fair dealing.

37. The Defendant breached its duty when it denied coverage for the Water Loss and misrepresented pertinent facts or policy provisions.

38. The Defendants breach caused the Plaintiff to suffer damages in an amount to be proven at trial.

### D. FOURTH CAUSE OF ACTION: VIOLATIONS OF THE CONSUMER PROTECTION ACT

39. A violation of WAC 284-30-330 is a per se violation of the Washington Consumer Protection Act ("CPA"). Common law bad faith is also a per se violation on the CPA.

40. The Defendant's conduct constitutes multiple per se violations of the CPA.

41. As a result of the Defendants violations of the CPA, the Plaintiff has suffered damages in an amount to be proven at trial.

### E. FIFTH CAUSE OF ACTION: NEGLIGENCE

42. Defendant was negligent in its duties as an insurer to its insured, Plaintiff. Defendant failed to adequately investigate the losses and adjust Plaintiff's claims. Defendant's negligence caused Plaintiff to suffer damage in an amount to be proven at trial.

### F. SIXTH CAUSE OF ACTION: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43. Defendant's actions breached the implied duty of good faith and fair dealing. This conduct caused Plaintiff to suffer damages in an amount to be proven at trial.

### G. SEVENTH CAUSE OF ACTION: DECLARATORY JUDGMENT

44. Plaintiff Sky Terrace Condominium Owners Association seeks a judgment declaring that the Policy affords benefits and coverage for the Plaintiff's losses, and that determines the rights and responsibilities of the Plaintiff and the Defendant.

## IV. REQUEST FOR RELIEF

Plaintiff requests the following relief:

A. A declaratory judgment in favor of Plaintiff Sky Terrace Condominium Owners Association declaring that the Policy affords benefits and coverage for the Plaintiff's losses, and determining the rights and responsibilities of the Plaintiff and the Defendant;

B. An award of damages against Defendant General Casualty Company of Wisconsin for breach of contract, violations of Insurance Fair Conduct Act, negligence, bad faith, breach of the duty of good faith and fair dealing, and violations of the Washington Consumer Protection Act;

C. An award of treble damages against Defendant General Casualty Company of Wisconsin equal to three times the Plaintiff's actual damages under RCW 48.30.015;

D. An award of treble damages against Defendant General Casualty Company of Wisconsin equal to three times the Plaintiff's actual damages per violation of the Washington Consumer Protection Act under RCW 19.86.090;

E. An award of the Plaintiff's attorneys fees and costs under the Insurance Fair Conduct Act, the Washington Consumer Protection Act, or as otherwise allowed by law; and,

F. Such other relief as the court deems just and equitable.

DATED this July 24, 2024.

LEVY | VON BECK | COMSTOCK | P.S.

By: /s/ *Seth E. Chastain*
Seth E. Chastain, WSBA No. 43066
Karl R. Kleppe, WSBA No. 59903
1200 Fifth Ave., Suite 1850
Seattle, Washington 98101
Tel: 206-626-5444
seth@levy-law.com
karl@levy-law.com
*Attorneys for Plaintiff*